1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KIM MIMS,                                    Case No.  2:24-cv-1515-JDP (SS)

12                    Plaintiff,

13          v.                                    ORDER

14   CAROLYN COLVIN, Commissioner of
     Social Security,
15
                     Defendant.
16

17

18          On May 28, 2024, the Commissioner of Social Security removed this action from

19   Sacramento County Superior Court.  ECF No. 1.  As a basis for the complaint, plaintiff Kim

20   Mims seeks judicial review of a final decision, issued by the Commissioner of Social Security

21   Administration ("SSA"), denying her application for Social Security Disability Insurance

22   benefits.  *Id.*  Defendant moves to dismiss for lack of service pursuant to Federal Rules of Civil

23   Procedure 12(b)(4) and 12(b)(5)—or, in the alternative, to quash service.  ECF No. 4.  For the

24   foregoing reasons, defendant's motion to dismiss is denied, but the motion to quash service is

25   granted.  Plaintiff has filed an application to proceed *in forma pauperis*.  ECF No. 8.  Because her

26   application makes the required showing, her application is granted, and the court will direct

27   service.

28
                                              1

**Background**

On April 22, 2024, plaintiff filed her complaint against the Commissioner of Social Security seeking judicial review of the denial of her Social Security benefits pursuant to 42 U.S.C. § 405(g) in the Sacramento County Superior Court.  ECF No. 1-1 at 3.  The United States Attorney's Office for the Eastern District of California received a copy of the complaint and a state court proof of summons via certified mail.  The mail did not contain include a summons, however.  ECF No. 1 at 2.  The mail was sent from plaintiff and was addressed to the "United States Attorney's Office c/o U.S. Attorney, Phillip A. Talbert."  ECF No. 1-1 at 2.

**Legal Standard**

A motion to dismiss may be brought under Federal Rule of Civil Procedure 12(b)(4) for insufficient process or 12(b)(5) for insufficient service of process.  "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Fealy v. Social Sec. Admin.*, No. 2:13-cv-02282-MMD-VCF, 2014 WL 6629546, at *2 (D. Nev. Jul. 25, 2014) (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)).  "Rule 12(b)(5) authorizes the [d]istrict [c]ourt to dismiss a complaint without prejudice or allow the plaintiff leave to cure any defects based on improper service of process."  *Id.*

Federal Rule of Civil Procedure 4(i) sets forth the requirements for service on the United States and its agencies.  To serve a United States agency, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency.  Fed. R. Civ. P. 4(i)(2).

**Analysis**

The Commissioner argues that plaintiff has failed to effectuate service of process for three reasons.  ECF No. 4-1 at 2-3.  First, plaintiff's service failed to include a summons and proof of service to the U.S. Attorney's Office.  Moreover, the proof of summons that plaintiff included with her complaint was from the state court, which is improper since this court has original jurisdiction, necessitating a summons from a federal court.  Second, plaintiff herself mailed the complaint, in violation of federal procedural rules.  And finally, plaintiff did not address service

2

1  to the Civil Process Clerk of the United States Attorney's Office, which is needed to properly

2  serve the United States by certified mail.

3      In opposition, plaintiff argues that she relied on a Social Security Administration notice of

4  appeals council instruction for delivering mailing when she served the United States.  ECF No. 6

5  at 1.  Plaintiff explained that she tried to hand-deliver her complaint to the U.S. Attorney's Office

6  in Sacramento, but that a woman who was sitting at the front desk told plaintiff that she would

7  need to "mail the document through certified mail and could not serve the complaint herself."

8  Plaintiff also states that the woman said, "you need to send that through certified mail."  *Id.* at 2.

9  Plaintiff states that she relied on this information when she mailed her complaint to the U.S.

10  Attorney's Office through certified mail.

11      Rule 4(i)(2) provides: "[t]o serve a United States agency or corporation . . . a party must

12  serve the United States and also send a copy of the summons and of the complaint by registered

13  or certified mail to the agency, corporation, officer, or employee."  Fed. R. Civ. P. 4(i).  Rule

14  4(i)(1) further provides that, to serve the United States, a party must deliver a copy of the

15  summons and the complaint to the United States attorney for the district where the action is

16  brought and send a copy of each by registered or certified mail to the Attorney General of the

17  United States.  *Id.*  Further, the Federal Rules do not allow a party to serve another party to the

18  lawsuit. Fed. R. Civ. P. 4(c)(2).  "In the case of a suit against a United States agency, '[t]he court

19  must allow a party reasonable time to cure its failure to serve a person required to be served under

20  Rule 4(i)(2), if the party has served either the United States attorney or Attorney General of the

21  United States.'"  *Fealy*, 2014 WL 6629546, at *2.

22      Here, as the Commissioner notes, plaintiff failed to effectuate proper service.  Plaintiff's

23  attempted service of process fails because she mailed the complaint herself, in violation of Rule

24  4(c)(2); did not include a summons; and did not address the certified mail to the Civil Process

25  Clerk, as required by Rule 4(i).

26      As set forth above, plaintiff has failed to properly serve defendant.  The issue now

27  becomes whether the court should dismiss the complaint or quash service of process.  *S.J. v.*

28  *Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Security Pac.*

1    *Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)) (holding that courts have discretion either to

2    dismiss an action or to quash service).  If there is a "reasonable prospect that service may yet be

3    obtained" and there is no prejudice to the defendant, a court should quash service rather than

4    dismiss.  *Scott v. Cty. of San Bernardino*, 2019 WL 3059542, at *3 (C.D. Cal. Jan. 2, 2019).

5    Moreover, courts typically quash service when the plaintiff is a pro se litigant who may be

6    unfamiliar with Rule 4's service requirements.  *See Hafler v. Cty. of San Luis Obispo*, 2018 WL

7    6074531, at *5 (C.D. Cal. Aug. 29, 2018) (collecting cases).

8            Here, notwithstanding ineffective service, defendant has actual notice of the action,

9    plaintiff would be prejudiced by dismissal, and defendant would not be prejudiced by providing

10   plaintiff additional time to complete proper service.  Additionally, plaintiff has requested

11   authority under 28 U.S.C. § 1915 to proceed *in forma pauperis* and has submitted the required

12   affidavit demonstrating that she is unable either to prepay fees and costs or to give security for

13   them.  ECF No. 8.  Plaintiff's motion to proceed *in forma pauperis* is granted, and the court will

14   direct service of the complaint.  Therefore, dismissal is not warranted, but service of the summons

15   and complaint should be quashed.

16                                          **Conclusion**

17           Accordingly, it is hereby ORDERED that:

18           1.  Defendant's motion to dismiss, ECF No. 4, is granted is granted in part and denied in

19   part.

20                   a.  Defendant's motion to dismiss for insufficient service of process is denied; and

21                   b.  Defendant's motion to quash service of the summons and complaint is granted.

22           2.  Plaintiff's motion to proceed *in forma pauperis*, ECF No. 8, is granted.

23           3.  Service on defendant shall proceed under the court's e-service program.  Once a

24   summons is issued, the Clerk of Court shall deliver to the Commissioner of Social Security

25   Administration and the United States Attorney's Office at their designated email addresses a

26   notice of electronic filing of the action along with the summons and complaint.  The court has

27   been informed that the Commissioner has agreed not to raise a defense of insufficient service of

28   process if provided with notice of a complaint as detailed in this order.  This order is not intended

                                                    4

to prevent parties from making any other motions that are appropriate under the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:    January 10, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE