UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIM MIMS,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant.

Case No.  2:24-cv-1515-JDP (SS)

ORDER

Plaintiff, proceeding pro se, challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act.  Both parties have moved for summary judgment.  ECF Nos. 19 & 22.  For the reasons discussed below, the court denies plaintiff's motion and grants the Commissioner's.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion."  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

1

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 703 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

On April 5, 2021, plaintiff filed an application for a period of disability and DIB, alleging disability beginning on May 29, 2020. Administrative Record ("AR") 62, 173-79. After her application was denied both initially and upon reconsideration, plaintiff testified at a hearing before an Administrative Law Judge ("ALJ"). AR 28-47, 78-83, 85-90. On December 4, 2023, the ALJ issued a decision finding that plaintiff was not disabled. AR 17-23. Specifically, the ALJ found:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2026.

2. The claimant has not engaged in substantial gainful activity since May 29, 2020, the alleged onset date.

3. The claimant has the following severe impairments: depressive disorder, anxiety disorder, and insomnia.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

   * * *

5. The claimant has the residual functional capacity to perform a full range of work at all exertional levels with the following limitations: she could work in an environment with low demand and in groups with less than three people, best working autonomously (with very limited supervision) and with limited interaction with others (limited defined as occasional).

   * * *

6. The claimant is unable to perform past relevant work.

   * * *

7. The claimant was born [in] 1970 and she was therefore a younger individual on the alleged onset date of disability.

8. The claimant has at least a high school education.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Work exists in significant numbers in the national economy that the claimant could perform.

    * * *

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 29, 2020, through the date of this decision.

AR 19-23 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 1-6. She now seeks judicial review under 42 U.S.C. § 405(g).

3

**Analysis**

Liberally construed, plaintiff's motion raises four arguments. First, she argues that the ALJ improperly discounted her subjective complaints. Second, she argues that the ALJ's disability determination is not supported by substantial evidence. Third, she claims that the ALJ and Appeals Council were not properly appointed. Fourth, she argues that the Appeals Council erred by failing to consider new and material evidence. ECF No. 19.

## I.    Plaintiff's Testimony

In the Ninth Circuit, courts follow a "two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "'First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id*. (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). If the claimant meets this requirement, and there is no evidence of malingering, the ALJ can reject his symptom testimony only by offering clear and convincing reasons for doing so. *Id*. "This is not an easy requirement to meet: the clear and convincing standard is the most demanding required in Social Security cases." *Id*. The ALJ's reasons must also be supported by substantial evidence in the record. *Thomas*, 278 F.3d at 959.

Plaintiff testified that she has depression, anxiety with panic attacks, obsessive compulsive disorder, and insomnia. AR 37. She sees a therapist monthly for her depression, which she finds beneficial. AR 39. Plaintiff testified that she does not take any prescribed medication, but she does drink alcohol and use marijuana to help her sleep. AR 32-33, 39. She also reported difficulty being around people, and that she is sometime forgetful. AR 44-45. Plaintiff stated that she can manage her own personal hygiene and grooming, that she no longer enjoys cooking, and that she rarely goes shopping. AR 34-35.

The ALJ provided two reasons for rejecting plaintiff's allegations of debilitating symptoms. First, the ALJ found that plaintiff's testimony was contradicted by her medical records. AR 21; *see Carmickle v. Comm'r*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

As the ALJ observed, a mental status examination from November 4, 2019, showed that, aside from her mood being depressed, plaintiff's behavior, speech, thought content, attention, and concentration were normal; her thought process was logical; her memory was intact; she had good impulse control, insight, and judgment; and she had a pleasant, cooperative demeanor.  AR 21, 336.

Second, the ALJ concluded that plaintiff's allegations were inconsistent with her limited mental-health treatment.  AR 21.  "'[A]n unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment' can be a clear and convincing reason to reject symptoms testimony." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  As just noted, plaintiff underwent psychotherapy assessment on November 4, 2019.  AR 336.  Aside from that initial evaluation, plaintiff's medical records do not show any further mental-health treatment.  AR 328-461.  Accordingly, the lack of medical treatment and inconsistency with her mental status examination were both legally sufficient reasons for discounting her testimony.[1]

II.    **The ALJ's Decision is Supported by Substantial Evidence**

Plaintiff also argues generally that the ALJ's disability determination is not supported by substantial evidence.  ECF No. 19 at 6.  The court is not persuaded.

As detailed above, the ALJ concluded that plaintiff had the ability to "work in an environment with low demand and in groups with less than three people, best working autonomously (with very limited supervision) and with limited interaction with others (limited defined as occasional.)"  AR 20.  Four medical providers provided opinions addressing plaintiff's

---

[1] In her opposition to the Commissioner's motion, plaintiff argues that the ALJ improperly disregarded lay-witness testimony from her sister.  ECF No. 23.  Plaintiff waived this argument by failing to raise it in her motion for summary judgment.  *See Larange v. Berryhill*, 685 F. App'x 519, 521 (9th Cir. 2017) (holding that the claimant waived an argument by failing to raise it in her opening brief).  In any event, the argument lacks merit.  Because plaintiff and her sister's testimony were similar, and the ALJ provided clear and convincing reasons for discounting plaintiff's testimony, the ALJ did not error in failing to provide explicit reasons for discounting the sister's statements.  *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting Valentine's own subjective complaints, and because Ms. Valentine's testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony.").

mental limitations, with none of them assessing greater limitations than those provided in the ALJ's RFC determination.

Two state agency psychologists, Dr. Preston Davis, Psy.D. and Dr. Jo McClaim, Psy.D., concluded, based on their review of plaintiff's medical records, that plaintiff did not have a severe mental impairment. AR 59-61, 71-74. On September 6, 2021, plaintiff was evaluated by Dr. M. Jakubowski, Psy.D., a consultative psychologist. AR 383-87. Based on the examination, Dr. Jakubowski opined that plaintiff was mildly limited in dealing with the usual stresses encountered in a competitive work environment but was not otherwise limited in performing work-related activities. AR 387. Lastly, Dr. Tonia Porchia, Psy.D., reviewed plaintiff's medical records and opined that she was moderately limited in her ability to respond appropriately to changes in a routine work setting and interact appropriately with supervisors and co-workers. AR 454. Dr. Porchia concluded that notwithstanding these moderate limitations, plaintiff was able to "work in an environment with low demand and in groups with less than 3 people. She would benefit more autonomously (with very limited supervision) and with limited interaction with others." AR 461.

The ALJ rejected Drs. Jakubowski, Davis, and McClain's opinions, concluding that plaintiff's impairments resulted in greater functional limitations. The ALJ found Dr. Porchia's opinion persuasive and incorporated it into plaintiff's RFC. Dr. Porchia's opinion, in conjunction with the medical records showing only minimal mental health treatment, serves as substantial evidence supporting the ALJ's finding that plaintiff was not disabled. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

III.     **Appointment of ALJ and Appeals Council**

Plaintiff also argues that the ALJ and Appeals Council lacked authority to issue decisions in her case because they had not been properly appointed. ECF No. 19 at 4.

In *Lucia v. S.E.C.*, 585 U.S 238 (2018), the Supreme Court held that Security Exchange Commission ALJs are "inferior officers" that must, under Appointments Clause, be appointed by the President, a court, or the head of the agency, rather than other agency staff members. On July

6

16, 2018, in response to that decision, Nancy Berryhill, the then acting Commissioner of the SSA, ratified the appointments of ALJs and administrative appeals judges who had been previously appointed by lower-level staff. *See* SSR 19-1p, 84 Fed. Reg. 9582, 9583 (2019).

In plaintiff's case, the ALJ issued his decision on December 4, 2023, AR 23, and the Appeals Council denied plaintiff's request for review on February 22, 2024, AR 1. Accordingly, any defect in their appointment had already been remedied.

**IV.     Appeals Council's Failure to Consider Additional Evidence**

Lastly, plaintiff contends that the Appeals Council erred by failing to consider new and material evidence that she submitted with her request for review of the ALJ's decision. ECF No. 19 at 4.

Plaintiff's purported new evidence consists of her own written statement about various events that allegedly contributed to her mental impairments. AR 319-26. Even assuming that this evidence was improperly disregarded, any error was, at most, harmless. Many of plaintiff's statements are similar to those she made at her hearing, but with greater detail. More critically, given that all four psychologists who evaluated plaintiff's impairments concluded that she had only minimal or no limitations, consideration of plaintiff's new statements would not result in finding that plaintiff was disabled. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) ("[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate non-disability determination."); *Stout*, 454 F.3d at 1055-56 (holding that "a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the [ignored evidence], could have reached a different disability determination.").

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's motion for summary judgment, ECF No. 19, is DENIED.

2.  The Commissioner's cross-motion for summary judgment, ECF No. 22, is GRANTED.

3. The Clerk of Court is directed to enter judgment in the Commissioner's favor and close this case.

IT IS SO ORDERED.

Dated:    March 30, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE